# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ASSOCIATED BANK, N.A., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 11 C 5056 |
| | ) | |
| SALTA GROUP, INC., et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Associated Bank, N.A.'s (Associated Bank) motion for partial summary judgment. For the reasons stated below, the motion for partial summary judgment is granted.

## BACKGROUND

In January of 2008, Associated Bank allegedly extended a $12,000,000.00 loan (Loan) to Defendant Salta Group, Inc. (Salta), evidenced by various loan documents. In connection with the Loan, Defendant Marshall M. Atlas (Atlas) allegedly executed a Continuing Guaranty of Payment and Performance (Guaranty). Associated Bank contends that, under the terms of the Guaranty, Atlas unconditionally guaranteed the performance of Salta's obligations under the loan

documents. Associated Bank also contends that loan documents were modified on four occasions, ultimately extending the term of the loan documents to June 1, 2011.

On June 1, 2011, Salta allegedly owed "no less than $3,328,455.76" under the loan documents (Outstanding Indebtedness), "including unpaid principal of $3,300,695.14 and accrued interest of $27,760.62 with per diem interest from June 1, 2011 of $802.25." (Compl. Par. 13). Attorneys' fees, expenses and costs are also allegedly recoverable under the terms of the loan documents and Guaranty. Associated Bank contends that after Salta defaulted on the Loan, Associated Bank demanded payment of the Outstanding Indebtedness from Salta and Atlas. Salta and Atlas have allegedly refused to pay the Outstanding Indebtedness. Associated Bank brought the instant action, and includes in its complaint a claim brought against Salta for breach of contract (Count I), a claim brought against Salta for foreclosure on certain collateral (Count II), and a claim brought against Atlas for breach of the Guaranty (Count III). Associated Bank indicates in its motion that on April 12, 2012, Salta filed a Chapter 11 bankruptcy petition. Associated Bank now moves for summary judgment against Atlas on Count III.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Smith v. Hope School,* 560 F.3d 694, 699 (7th Cir. 2009). A

"genuine issue" of material fact in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a motion for summary judgment, the court must consider the record as a whole, in the light most favorable to the nonmoving party. *Anderson,* 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

**DISCUSSION**

I.  Compliance with Local Rule 56.1

Atlas denies certain facts contained in Associated Bank's statement of material facts. (R SF Par. 11, 12, 14, 17, 18). In support of his denials, Atlas points only to Salta's responses to the Request to Admit that was served upon Salta pursuant to Federal Rule of Civil Procedure 36 (Rule 36). Atlas concedes that he failed to respond to the Request to Admit that was served upon him, but argues that in the interests of equity and fairness, he should be permitted to adopt and rely upon Salta's responses. In support of his argument, Atlas indicates that his prior counsel misplaced the Request to Admit served on Atlas, and that Associated Bank failed to provide a copy to Atlas' new counsel, even though his new counsel requested it.

Pursuant to Rule 36, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). In addition, under Rule 36, "[a] matter admitted under [Rule 36] is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). The record reflects that as far back as February 2012, Atlas was aware, or should have been aware, that he had failed to respond to the Request to Admit served upon him, and that the facts contained therein were therefore deemed admitted pursuant to Rule 36. (Resp., Ex. A, 11). At no point did Atlas ever file a motion with the court requesting to withdraw or amend the admissions, even though he could have done so. Therefore, equity and fairness do not favor allowing Atlas to rely on Salta's responses to the Request to Admit that was served upon Salta.

Moreover, even if the court did allow Atlas to rely on Salta's responses to the Request to Admit, Salta's responses are insufficient to establish any genuinely disputed issues of material fact. With respect to the amount of Outstanding Indebtedness, Salta denies the amount set forth by Associated Bank based on the fact that Salta "does not have the capability to make such a compilation." (Resp. Ex. B, Par. 1). Salta's other denials in response to the Request to Admit are made without reference to any admissible evidence. (Resp. Ex. B, Par. 2, 5, 8, 9-11). Such denials do not create a genuinely disputed material fact or provide a basis to deny a motion for summary judgment. *See Patterson v. Indiana Newspapers, Inc.*, 589 F.3d 357,

359 (7th Cir. 2009)(stating that Local Rule 56.1(b) requires the party "opposing a motion for summary judgment to identify the material facts in dispute and cite to *admissible evidence* controverting the [moving party's] evidence")(emphasis added). By failing to point to any admissible evidence to rebut the facts set forth by Associated Bank, Atlas has failed to comply with Local Rule 56.1.  Therefore, all of the facts contained in Associated Bank's statement of material facts are deemed undisputed.  *Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 643 (7th Cir. 2008)(stating that "[d]istrict courts are entitled to expect strict compliance with Rule 56.1")(internal quotations omitted)(quoting *Ammons v. Aramark Unif. Servs., Inc.,* 368 F.3d 809, 817 (7th Cir. 2004)); LR 56.1; *Dent v. Bestfoods*, 2003 WL 22025008, at *1 n.1 (N.D. Ill. 2003)(explaining that a denial is improper if the denial is not accompanied by specific references to admissible evidence or at least evidence that represents admissible evidence).

It is undisputed that Atlas executed the Guaranty in connection with the Loan, and that under the terms of the Guaranty, Atlas unconditionally guaranteed the performance of Salta's obligations under the loan documents.  (SF Par. 5, 15-16, 18). It is also undisputed that as of June 1, 2011, Salta's obligations under the loan documents totaled at least $3,328,455.76, and that attorneys' fees, expenses and costs are also due under the terms of the loan documents.  (SF Par. 11).  It is further undisputed that Salta is in default under the terms of the loan documents, which triggers Atlas' obligations under the Guaranty, and that neither Salta nor Atlas has made any payment toward the Outstanding Indebtedness, even though Associated

Bank has made demands for payment on both Salta and Atlas. (SF Par. 12-14, 17).

Therefore, the undisputed record shows that, under the terms of the Guaranty, Atlas

is liable to Associated Bank for no less than $3,328,455.76, plus attorneys' fees,

expenses and costs.


II.  Effect of Affirmative Defenses

Atlas argues that summary judgment on Count III should be denied because

the affirmative defenses pled in Defendants' answer to the complaint raise various

issues of material fact.  Specifically, Atlas contends that there are genuine issues of

material fact relating to whether, by failing to extend the maturity date of the Loan,

Associated Bank breached an implied covenant of good faith and fair dealing with

Salta, and relating to whether the loan modification executed in February 2011

(Fourth Modification) created a second "One Time Term Out Election."  In support

of his arguments, Atlas provides a lengthy explanation relating to the purpose of the

Loan and the length of time it would take to reap the financial benefits of the Loan.

Atlas also explains the financial stresses he was under during the term of the Loan.

However, Atlas has completely failed to point to any evidence in the record to

support his affirmative defenses.  Instead, Atlas merely cites to the affirmative

defenses pled in Defendants' answer to support his statement of additional facts.  The

affirmative defenses pled in Defendants' answer to the complaint, standing alone, are

insufficient to create a genuine issue of material fact and, thereby, avoid summary

judgment.  At this juncture, it is incumbent upon Atlas to point to evidence to support

his version of the facts, and he can no longer rely upon mere beliefs and allegations. *Koszola v. Board of Educ. of City of Chicago*, 385 F.3d 1104, 1111 (7th Cir. 2004)(stating that "summary judgment is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events")(internal quotations omitted)(quoting *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003)). In addition, the court notes that the undisputed record shows that Atlas' arguments are without merit, since it is undisputed that Associated Bank extended the maturity date of the Loan four different times, and since Atlas waived any and all defenses pursuant to the terms of the Guaranty. (SF 7-10); (Ans. 7); (Compl. Ex B, Par. 4.2, 6, 7). Therefore, based upon the above, Associated Bank's motion for partial summary judgment is granted.

## CONCLUSION

Based on the foregoing analysis, Associated Bank's motion for summary judgment against Atlas is granted. Judgment is entered against Atlas in the amount of $3,328,455.76, plus attorneys' fees, costs, expenses, and any additional pre-judgment interest that accrued prior to the date of judgment. As to attorneys' fees, costs, expenses, and any additional pre-judgment interest, Associated Bank is given until September 12, 2012, to provide to the court its requested amounts. Atlas is

given until September 26, 2012 to respond.  Associated Bank's motion to file a reply

brief instanter is denied as moot.  Noticed status date of August 30, 2012 is hereby

stricken.  Next status is set for October 30, 2012 at 9:00 a.m.


_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   August 29, 2012